IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MARK BELL, | ) CIVIL NO. 16-00012 ACK-KSC |
| | ) |
| Plaintiff, | ) FINDINGS AND |
| | ) RECOMMENDATION TO GRANT IN |
| vs. | ) PART AND DENY IN PART |
| | ) PLAINTIFF'S MOTION TO |
| THE TERMINIX | ) REMAND |
| INTERNATIONAL COMPANY | ) |
| LIMITED PARTNERSHIP; | ) |
| TERMINIX INTERNATIONAL, | ) |
| INC.; SEVICEMASTER | ) |
| CONSUMER SERVICES LIMITED | ) |
| PARTNERSHIP; KEVIN | ) |
| MULCAHY; DOE DEFENDANTS | ) |
| 1-25, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

### FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART PLAINTIFF'S MOTION TO REMAND

Before the Court is Plaintiff Mark Bell's ("Plaintiff") Motion to Remand, filed March 4, 2016. Defendants The Terminix International Company Limited Partnership ("Terminix International Company"), Terminix International Inc. ("Terminix International"), ServiceMaster Consumer Services Limited Partnership ("ServiceMaster"), and Kevin Mulcahy ("Mulcahy") (collectively "Defendants") filed an Opposition on March 24, 2016.  Plaintiff did not file a Reply.

This matter came on for hearing on April 15, 2016. Rodney Bridges, Jr., Esq., appeared on behalf of Plaintiff and Jeffrey Harris, Esq., appeared on behalf of Defendants. After careful consideration of the parties' submissions, the applicable law, and the arguments of counsel, the Court HEREBY RECOMMENDS that the Motion be GRANTED IN PART AND DENIED IN PART for the reasons set forth below.

## BACKGROUND

On December 24, 2015, Plaintiff commenced the instant action in the Circuit Court of the First Circuit, State of Hawaii, alleging that 1) Terminix International Company violated Hawaii Revised Statutes ("HRS") § 378-2 by discriminating against him due to age, religion, and/or disability, and retaliating against him (Count I) and 2) Mulcahy, Terminix International, and ServiceMaster aided, abetted, incited, compelled, coerced, or allowed the discriminatory and retaliatory conduct to occur (Count II). Notice of Removal, Ex. A at ¶¶ 61-70. Plaintiff prays for general, special, and punitive damages, as

well as attorneys' fees and costs.

On January 12, 2016, Terminix International and Terminix International Company filed a Notice of Removal ("Notice"). The Terminix Defendants removed on the basis of 28 U.S.C. §§ 1332(a)(2) and 1441(a). According to Defendants,

> Terminix International Company is a Delaware limited partnership whose partners are Terminix International and ServiceMaster Consumer Services Limited Partnership. ServiceMaster Consumer Services Limited Partnership is a Delaware limited partnership whose partners are SMCS Holdco, Inc. and SMCS Holdco II, Inc. SMCS Holdco, Inc. and SMCS Holdco II, Inc. are Delaware corporations with their principal places of businesses in Tennessee. There is no entity named The ServiceMaster Company Limited Partnership. There is complete diversity of the plaintiff and defendants.

Notice at ¶ 4.

On January 20, 2016, Mulcahy and ServiceMaster filed a Consent to the Notice.

On January 22, 2016, Defendants filed a Motion to Compel Compliance With Alternate Dispute Resolution Procedure.

The present Motion followed.

DISCUSSION

Defendants removed the instant case on the basis of diversity of citizenship.  Section 1441 provides, in pertinent part:

> (a) Generally.--Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.
>
> (b) Removal based on diversity of citizenship.--(1) In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.
>
> (2) A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

28 U.S.C. § 1441 (a), (b).  Section 1441 is strictly construed against removal and courts resolve any doubts about the propriety of removal in favor of remanding

the case to state court.  See Durham v. Lockheed Martin Corp., 445 F.3d 1247, 1252 (9th Cir. 2006).  The party seeking to remove the case bears the burden of establishing the existence of federal jurisdiction.  See California ex rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (9th Cir. 2004), cert. denied, 544 U.S. 974 (2005).

     Federal district courts have original jurisdiction over cases where the amount in controversy exceeds $75,000, exclusive of interest and costs, and where the matter in controversy is between citizens of different states.  See 28 U.S.C. § 1332(a)(1).  Complete diversity of citizenship requires that each of the plaintiffs be a citizen of a different state than each of the defendants.  Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001).  Moreover, actions based on diversity jurisdiction may only be removed if none of the properly joined and served defendants is a citizen of the state in which the action is brought.  28 U.S.C. § 1441(b).

     Plaintiff challenges removal on three grounds:

1) forum defendant rule; 2) lack of diversity of citizenship; and 3) failure to join all Defendants in the removal.  The Court shall address each argument in turn.

A.   Forum Defendant Rule

Plaintiff argues that pursuant to the forum defendant rule, the action was improperly removed because Mulcahy is a resident of Hawaii.[1]  Section 1441(b) explicitly provides that actions based on diversity jurisdiction may only be removed if none of the properly joined and served defendants is a citizen of the state in which the action is brought.  See 28 U.S.C. § 1441(b).  Because "this additional limitation on diversity-based removal jurisdiction is a procedural, or non-jurisdictional, rule," any such

---

[1] Plaintiff uses the term "residence," but it appears that Mulcahy's citizenship is Hawaii, and Defendants concede as much.  Opp'n at 4 ("[T]he only Defendant who is a citizen of the same state as Plaintiff was fraudulently joined.").  The parties' citizenship, not their residence, is the relevant inquiry.  Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001) ("[T]he diversity jurisdiction statute, 28 U.S.C. § 1332, speaks of citizenship, not of residency.").

challenges are subject to the 30-day limitation set forth in §1447(c).[2]  Lively v. Wild Oats Markets, Inc., 456 F.3d 933, 939-41 (9th Cir. 2006) (holding that "the forum defendant rule embodied in § 1441(b) is a procedural requirement, and thus a violation of this rule constitutes a waivable non-jurisdictional defect subject to the 30-day time limit imposed by § 1447(c)").

Here, Defendant filed the Notice on January 12, 2016.  Plaintiff filed this Motion on March 4, 2016, more than 30 days later.  Plaintiff consequently waived any challenge to removal based on the forum defendant rule.[3]

B.   Existence of Diversity Jurisdiction

The Court next considers whether Defendants have established the existence of diversity

---

[2]  Section 1447(c) provides: "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)."  28 U.S.C. § 1447(c).

[3]  At the hearing, Plaintiff's counsel conceded that this procedural challenge is untimely.

jurisdiction.

1. Citizenship

Plaintiff does not contest that the corporate Defendants are not citizens of Hawaii[4] and the parties both acknowledge that Plaintiff and Mulcahy share the same citizenship.  However, Defendants submit that because the Complaint does not state a cause of action against Mulcahy, his joinder is fraudulent and his presence must be ignored for the purpose of determining diversity jurisdiction.

a. Fraudulent Joinder

An exception to the requirement for complete diversity exists when a non-diverse defendant has been fraudulently joined.  Hunter v. Philip Morris USA, 582 F.3d 1039, 1043 (9th Cir. 2008).  "Joinder is

---

[4] Defendants represent that the corporate entities are citizens of Delaware and Tennessee.  A corporation is a citizen of its place of incorporation and its principal place of business.  Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006).  Partnerships and LLCs are citizens of every state of which its owners/members are citizens.  Id.

8

fraudulent [i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." Id. (citation and quotations omitted) (alteration in original); Albi v. Street & Smith Publications, 140 F.2d 310, 312 (9th Cir. 1944) ("It is only where the plaintiff has not, in fact, a cause of action against the resident defendant, and has no reasonable ground for supposing he has, and yet joins him in order to evade the jurisdiction of the federal court, that the joinder can be said to be fraudulent, entitling the real defendant to a removal.").

The removing defendant(s) may "present the facts showing the joinder to be fraudulent." Ritchey v. Upjohn Drug Co., 139 F.3d 1313, 1318 (9th Cir. 1998) (quoting McCabe v. Gen. Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987)); Morris, 236 F.3d at 1068 ("[F]raudulent joinder claims may be resolved by 'piercing the pleadings' and considering summary judgment-type evidence such as affidavits and deposition testimony.") (citations omitted).  There is,

9

however, a "general presumption against fraudulent joinder," which must be proven by "clear and convincing evidence."  Hamilton Materials, Inc. v. Dow Chem. Corp., 494 F.3d 1203, 1206 (9th Cir. 2007).  A defendant asserting fraudulent joinder bears the heavy burden of facing both the strong presumption against removal jurisdiction as well as the general presumption against fraudulent joinder.  Hunter, 582 F.3d at 1046.

In assessing whether a defendant has been fraudulently joined, the court should initially look at the allegations in the complaint and may conduct a Rule 12(b)(6)-type analysis to determine whether the complaint states a claim under state law against the in-state defendant.  In this district, the Court has interpreted the McCabe fraudulent joinder rule to mean that "[t]he court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant."  Coastal Const. Co., Inc. v. N. Amer. Specialty Ins. Co., CV. No. 10-00206 DAE-BMK, 2010 WL 2816694, at *4

(D. Haw. Jul. 14, 2010) (citation omitted). "The removing defendant must show 'that there is no possibility, based on the pleadings, that [the] plaintiff can state a cause of action against the non-diverse defendant in state court.'" Id. (citations omitted).

Given the strong presumption against removal jurisdiction, along with the general presumption against fraudulent joinder, the Court finds that Defendants have failed to establish fraudulent joinder. Plaintiff asserts a single claim against Mulcahy: that he violated HRS Chapters 368 and 378 by aiding, abetting, inciting, compelling, coercing, or allowing the doing of discriminatory and retaliatory conduct. Notice, Ex. A at ¶ 70.

Pursuant to HRS § 378-2(a)(3), "[i]t shall be an unlawful discriminatory practice . . . [f]or any person, whether an employer, employee, or not, to aid, abet, incite, compel, or coerce the doing of any of the discriminatory practices forbidden by this part, or to attempt to do so." Haw. Rev. Stat. § 378-2(a)(3). An

11

aiding and abetting claim may be brought against individual employees. Lales v. Wholesale Motors Co., 133 Hawai'i 332, 345, 328 P.3d 341, 354 (2014). It involves the "inciting, compelling, or coercing of one person by another person. There must be at least two persons (someone who incites, compels, or coerces, and some other person who is incited, compelled, or coerced)." Maizner v. Hawaii, Dep't of Educ., 405 F. Supp. 2d 1225, 1239 (D. Haw. 2005)

Plaintiff accuses Mulcahy of verbally abusing him; harboring strong anti-Mormon beliefs; harassing Plaintiff about his Mormon faith and practices; calling Plaintiff "brother", a term of reverence used among male adherents to the Mormon faith while referring to non-Mormons by their first names; advising sales staff not to act like Mormons during walk up cold calls; belitting Plaintiff about his religious mission; making disparaging remarks about Plaintiff's resume; increasing disparaging remarks after Plaintiff complained about illegal discrimination; announcing during meetings that Plaintiff needed special training

not required of the younger non-Mormon, and/or similarly situated employees who had not complained about discrimination; placing restrictions on Plaintiff's work activities; withholding certain benefits such as gas allowance; refusing to honor work restrictions prescribed by Plaintiff's physician following a workplace injury; prohibiting Plaintiff from leaving work unless he had scheduled an arbitrary number of appointments; expressing his belief that Plaintiff would fail his certification exams to become licensed because he was too old; boasting that he intended to fire Plaintiff when Plaintiff failed to become licensed; and ramping up his campaign of discrimination and retaliation, along with his supervisor Doug Belle, in the hopes that Plaintiff would quit.  Notice, Ex. A at ¶¶ 21-53.

Although Plaintiff has identified a number of actions taken by Mulcahy, it is not clear how Mulcahy aided, abetted, incited, compelled, or coerced discrimination.  Plaintiff mentions Mr. Belle, but has not alleged that Mulcahy incited, compelled, or coerced

Mr. Belle to discriminate against Plaintiff or engage in unlawful practices against him.  Indeed, a defendant cannot aid or abet him or herself.  <u>McAllister v. U.S. Veterans Initiative</u>, No. CIV. 14-00057 SOM, 2015 WL 2345595, at *17 (D. Haw. May 14, 2015); <u>White v. Pac. Media Group, Inc.</u>, 322 F. Supp. 2d 1101, 1115 (D. Haw. 2004) (citation omitted); <u>Turner v. Dep't of Educ.</u>, 855 F. Supp. 2d 1155, 1179 (D. Haw. 2012).  These deficiencies notwithstanding, the Court cannot say that the failure is obvious according to the settled rules of Hawaii.  Although Plaintiff's claim is not artfully pled, Defendants have failed to demonstrate that there is no possibility that Plaintiff can state a § 378-2(a)(3) claim against Mulcahy in state court.  <u>Coastal</u>, 2010 WL 2816694, at *4.  Where, as here, settled Hawaii law does not obviously bar Plaintiff's § 378-2(a)(3) claim, and the deficiencies are not incurable, the Court declines to find that Plaintiff fraudulently joined Mulcahy for the purpose of defeating diversity jurisdiction.  <u>Balberdi v. Lewis</u>, No. CIV. 12-00582 ACK-KSC, 2013 WL 1296286, at *4 (D. Haw. Mar. 8, 2013),

adopted by, 2013 WL 1291780 (D. Haw. Mar. 27, 2013).

This is particularly so because in the context of a motion to dismiss, it is rare that a claim will be dismissed without the plaintiff receiving at least one opportunity to amend his or her deficient claim. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (citing longstanding rule that leave to amend should be granted if it appears at all possible that the plaintiff can correct the defect) (citations and quotations omitted). In Park v. Oahu Transit Servs., Inc., No. CV NO 10-00445-DAE, 2011 WL 3490190 (D. Haw. Aug. 10, 2011), one of the cases relied upon by Defendants, the plaintiff's HRS § 378-2(3) claim (predecessor to HRS § 378-2(a)(3)) was dismissed without prejudice and the plaintiff was granted leave to amend. Id. at **8-9; see also Nowick v. Gammell, 351 F. Supp. 2d 1025, 1035, 1039 & n.35 (D. Haw. 2004) (granting the defendant's motion to dismiss as to the plaintiff's § 378-2(3) claim but granting the plaintiff leave to seek to amend her complaint).

Insofar as the Hawaii courts look to federal

15

standards with respect to the amendment of pleadings, Adams v. Dole Food Co., Inc., 132 Hawai'i 478, 485, 323 P.3d 122, 129 (Haw. Ct. App. 2014), and the federal standard is a liberal one, it is reasonable to expect that the state court might permit amendment to cure the deficiencies identified above.[5]  Tomlinson v. Deutsche Bank Nat'l Trust Co., No. CV 13-00554 SOM-BMK, 2014 WL 346922, at *5 (D. Haw. Jan. 30, 2014), adopted by 2014 WL 607772 (D. Haw. Feb. 18, 2014) (citing California Dump Truck Owners Ass'n v. Cummins Engine Co., Inc., 24 Fed. Appx. 727 (9th Cir. 2001)) ("The 'possibility' of a cause of action encompasses, as in *California Dump Truck*, inquiry into the chance that a state court might permit an amendment of a complaint to cure any deficiencies and that those deficiencies are curable.").  That Plaintiff would likely be granted leave to amend supports the finding that Defendants have not shown that there is no possibility of a valid claim.

---

[5]   Notably, this is Plaintiff's first iteration of his § 378-2(a)(3) claim.

In sum, given the strong presumption against removal jurisdiction and the presumption against fraudulent joinder, the Court concludes that settled law does not bar Plaintiff's § 387-2(a)(3) claim against Mulcahy.  Defendants have not proven, by clear and convincing evidence, that there is no possibility that Plaintiff can state a cause of action against Mulcahy.  Therefore, the Court finds that Plaintiff has not fraudulently joined Mulcahy to defeat diversity jurisdiction under 28 U.S.C. § 1332.  Because complete diversity between the parties is lacking, remand is warranted.

    2.   <u>Amount in Controversy</u>

The Court having concluded that diversity is lacking between the parties, it is unnecessary to determine whether the amount in controversy exceeds $75,000.

C.  <u>Unanimous Joinder</u>

Plaintiff lastly argues that Mulcahy and ServiceMaster did not join in the removal.  However, this argument is without merit because those Defendants

17

filed a Consent on January 20, 2016.

D.  Attorneys' Fees and Costs

Plaintiff lastly requests an award of fees and costs due to the improper removal of this action. When a federal court remands a case, it "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c).  The Supreme Court has stated that:  "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied."  Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005) (citations omitted).  The district court retains discretion to determine whether a given case presents unusual circumstances that warrant a departure from this rule. Id.  The Martin Court also instructed that

> [t]he appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the

>    purpose of prolonging litigation and
>    imposing costs on the opposing party,
>    while not undermining Congress' basic
>    decision to afford defendants a right to
>    remove as a general matter, when the
>    statutory criteria are satisfied.

Id.

After a careful review of the record and the applicable law, the Court finds that Plaintiff is not entitled to an award of attorneys' fees and costs under § 1447(c) because Defendants had an objectively reasonable basis for seeking removal.  Although Defendants did not prevail on their fraudulent joinder argument, §§ 1332 and 1441 provided a basis for removal; that is, the relevant case law did not clearly foreclose Defendants' basis for removal had it been determined that Mulcahy was fraudulently joined.  Accordingly, the Court finds that Plaintiff is not entitled to removal related expenses and recommends that the district court DENY Plaintiff's request for fees and costs incurred in securing remand of this case.

## CONCLUSION

In accordance with the foregoing, the Court HEREBY RECOMMENDS that Plaintiff's Motion be GRANTED IN PART AND DENIED IN PART and that this action be remanded to the Circuit Court of the First Circuit, State of Hawaii.

IT IS SO FOUND AND RECOMMENDED.

DATED:  Honolulu, Hawaii, April 18, 2016.



_____
Kevin S.C. Chang
United States Magistrate Judge

CIVIL NO. 16-00012 ACK-KSC; BELL V. TERMINIX, ET AL.; FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART PLAINTIFF'S MOTION TO REMAND