IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

```
                                    )
MARK BELL,                          )
                                    )
        Plaintiff,                  )
                                    )
        vs.                         )  Civ. No. 16-00012 ACK-KSC
                                    )
THE TERMINIX INTERNATIONAL          )
COMPANY LIMITED PARTNERSHIP;        )
TERMINIX INTERNATIONAL, INC.;       )
SERVICEMASTER CONSUMER              )
SERVICES LIMITED PARTNERSHIP;       )
KEVIN MULCAHY; DOE DEFENDANTS       )
1-25,                               )
                                    )
        Defendants.                 )
                                    )
```

## ORDER ADOPTING THE FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART PLAINTIFF'S MOTION TO REMAND

For the reasons set forth below, the Court Adopts the Findings and Recommendation to Grant in Part and Deny in Part Plaintiff's Motion for Remand, ECF No. 24, issued by Magistrate Judge Kevin S.C. Chang on April 18, 2016.

### BACKGROUND

On December 24, 2015, Plaintiff Mark Bell ("Plaintiff") filed a Complaint in the Circuit Court for the First Circuit of the State of Hawaii raising claims of discrimination against Defendants the Terminix International Company Limited Partnership, Terminix International Inc. (collectively, "Terminix"), ServiceMaster Consumer Services

Limited Partnership ("ServiceMaster"),[1] and Kevin Mulcahy ("Mulcahy") (collectively "Defendants").  Notice of Removal, Ex. A, ECF No. 1-2.  The Complaint alleges that 1) Terminix violated Hawaii Revised Statutes ("HRS") § 378-2 by discriminating against Plaintiff based on his age, religion, and or disability (Count I); and 2) Terminix, ServiceMaster, and Mulcahy "aided, abetted, incited, compelled, coerced, or allowed" the alleged discriminatory and retaliatory conduct in violation of HRS § 378-2 (Count II).  Id. ¶¶ 61-71.

On January 12, 2016, Terminix removed the case to this Court.  Notice of Removal, ECF No. 1.  Terminix asserted that this court has jurisdiction over Plaintiff's claims because the only non-diverse defendant, Mulcahy, was fraudulently joined. Id. at 8.  On January 20, 2016, Mulcahy and ServiceMaster filed a Consent to the Notice of Removal.  ECF No. 8.  On March 4, 2016, Plaintiff filed a motion to remand to state court.  ECF No. 17.  On March 24, 2016, Defendants filed an opposition.  ECF No. 21.[2]

---

[1]     Plaintiff initially sued The ServiceMaster Company Limited Partnership, but according to Defendants, there is no such entity.  Notice of Removal, at 2, ECF No. 1.

[2]     Defendants filed a Motion to Compel Compliance with Alternative Dispute Resolution Procedure on January 22, 2016. ECF No. 10.  On March 4, 2016, this Court deemed the motion withdrawn pending resolution of the Motion to Remand.  ECF No. 19.

On April 18, 2016, Magistrate Judge Chang issued the Findings and Recommendation to Grant in Part and Deny in Part Plaintiff's Motion for Remand ("F&R").  Magistrate Judge Chang rejected Plaintiff's challenge to removal based on the forum defendant rule and the failure to join all Defendants in the removal.  F&R, at 6-7, 17-18.  With respect to the issue of fraudulent joinder, Magistrate Judge Chang found that Plaintiff's Complaint was deficient in that it did not properly allege a claim against Mulcahy, the only non-diverse defendant. Id. at 13-14.  However, Magistrate Judge Chang granted Plaintiff's Motion to Remand based on Defendants' failure to prove that there was no possibility Plaintiff could state a cause of action against Mulcahy by amending his complaint in state court.  Id. at 17.  On this basis, Magistrate Judge Chang determined that Mulcahy was not fraudulently joined and recommended remand, citing a lack of complete diversity between the parties.  Id.  Because Magistrate Judge Chang found Mulachy had not been fraudulently joined, he declined to determine whether the amount in controversy exceeded $75,000.  Id. Magistrate Judge Chang recommended that this Court deny Plaintiff's request for fees and costs associated with seeking remand.  Id. at 19.

On May 2, 2016, Defendants filed an objection to Magistrate Judge Chang's F&R ("Obj.").  ECF No. 26.  On May 18,

2016, Plaintiff filed a response to the objection ("Resp.").[3]
ECF No. 28.

**STANDARD**

"This Court treats a motion to remand as a dispositive
motion, requiring the issuance of a findings and recommendation
by the magistrate judge."  PSC Indus. Outsourcing, LP v.
Burlington Ins. Co., Civ. No. 10-00751, ACK-BMK, 2011 WL
1793333, at *3 (D. Haw. May 10, 2011) (citing Keown v. Tudor
Ins. Co., 621 F. Supp. 2d 1025, 1029 (D. Haw. 2008)).

When a party objects to a magistrate judge's findings
or recommendation, the district court must review de novo those
portions to which the objections are made and "may accept,
reject, or modify, in whole or in part, the findings or
recommendations made by the magistrate judge."  28 U.S.C.
§ 636(b)(1)(C); see also United States v. Reyna-Tapia, 328 F.3d
1114, 1121 (9th Cir. 2003) (en banc) ("[T]he district court must
review the magistrate judge's findings and recommendations de
novo *if objection is made*, but not otherwise.").

Under a de novo standard, a district court reviews
"the matter anew, the same as if it had not been heard before,

---

[3]     Plaintiff's response to the objection was filed two
days late and Plaintiff did not seek leave from the Court for
his late-filed pleading.  The Court will nevertheless consider
the response; however, the Court cautions Plaintiff that any
further violations of the Local Rules may result in sanctions.

and as if no decision previously had been rendered." Freeman v. DirecTV, Inc., 457 F.3d 1001, 1004 (9th Cir. 2006).  The district court need not hold a de novo hearing; however, it is the court's obligation to arrive at its own independent conclusion about those portions of the magistrate judge's findings or recommendation to which a party objects. United States v. Remsing, 874 F.2d 614, 618 (9th Cir. 1989).

It is within the district court's discretion to "receive further evidence, recall witnesses, or recommit the matter to the magistrate judge with instructions."  Local Rule 74.2.  Pursuant to Local Rule 74.2, this Court "may consider the record developed before the magistrate judge," but the Court must make its "own determination on the basis of that record."

## DISCUSSION

Defendants object to the F&R's conclusion that Mulcahy was not fraudulently joined and maintain that this court has diversity jurisdiction over the instant case.  Obj., at 2-3. Specifically, Defendants argue that the F&R disregarded established precedent in considering the possibility that Plaintiff could amend his complaint to assert a viable claim against Mulcahy.  Id. at 6.  In the alternative, Defendants argue that they have established that the "the deficiencies in Plaintiff's claim against Mulcahy are incurable."  Id. at 11.

Defendants are incorrect in their analysis of precedent regarding consideration of amended pleadings in determining whether a defendant has been fraudulently joined. While it is true that an amended complaint typically is not considered to destroy federal jurisdiction in cases in which federal jurisdiction is facially apparent from the complaint, this rule has not been extended to cases involving a claim of fraudulent joinder.  To the contrary, in analogous cases, many federal courts have considered the possibility of a future amendment in determining whether a defendant was fraudulently joined.  The Court agrees with these decisions and finds that on this basis, the F&R did not err in determining that Defendants did not prove "by clear and convincing evidence, that there is no possibility that Plaintiff can state a cause of action against Mulcahy."  F&R, at 17.  Accordingly, the Court ADOPTS Magistrate Judge Chang's Findings and Recommendation.[4]

---

[4]     The Court notes that neither party has objected to the F&R's determination that the action is not subject to remand based on the forum defendant rule and a lack of unanimous joinder; nor does either party object to the F&R's recommendation that Plaintiff's request for attorneys' fees be denied.  See F&R, at 6-7, 17-19.  The Court finds that the F&R's conclusions were not clearly erroneous, and accordingly, adopts the F&R's recommendation on these issues.  See Abordo v. State of Hawaii, 938 F. Supp. 656, 658 (D. Haw. 1996) ("The court may accept those portions of the magistrate's findings and recommendation which are not objected to if it is satisfied that there is no clear error on the face of the record.").

I.    **Defendants Incorrectly Assert That Consideration of Possible Future Amendments in Relation to a Fraudulent Joinder Claim Is Contrary to Established Precedent**

Pursuant to 28 U.S.C. § 1441, an action may be removed to federal court based on either federal question jurisdiction or diversity jurisdiction.  "However, '[i]t is to be presumed that a cause lies outside [the] limited jurisdiction [of the federal courts] and the burden of establishing the contrary rests upon the party asserting jurisdiction.'"  Hunter v. Philip Morris USA, 582 F.3d 1039, 1042 (9th Cir. 2009) (alteration in original) (quoting Abrego Abrego v. Dow Chem. Co., 443 F.3d 676, 684 (9th Cir. 2006)).  There is a "strong presumption against removal jurisdiction," and accordingly, "the defendant always has the burden of establishing that removal is proper."  Id. (quoting Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (per curiam)).  "[T]he court resolves all ambiguity in favor of remand to state court."  Id.

The basis for diversity jurisdiction, at issue in the instant case, is set forth in 28 U.S.C. § 1332, which states in relevant part that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $ 75,000, exclusive of interest and costs, and is between . . . [c]itizens of different States[.]"  28 U.S.C. § 1332(a)(1).  An action may be removed to federal court "when there is complete diversity of citizenship."

7

Hunter, 582 F.3d at 1043.  However, "one exception to the requirement of complete diversity is where a non-diverse defendant has been 'fraudulently joined.'"  Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001).  Joinder is deemed fraudulent "[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state."  McCabe v. Gen. Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987).

As with removal jurisdiction, there is also a "general presumption against fraudulent joinder" and "[f]raudulent joinder must be proven by clear and convincing evidence."  Hamilton Materials, Inc. v. Dow Chem. Corp., 494 F.3d 1203, 1206 (9th Cir. 2007).  Accordingly, a defendant asserting fraudulent joinder "face[s] both the strong presumption against removal jurisdiction" and the "'general presumption against fraudulent joinder.'"  Hunter, 582 F.3d at 1039 (quoting Hamilton Materials, Inc., 494 F.3d at 1206).

Defendants removed this action on the basis of diversity jurisdiction.  The parties are in agreement that Mulcahy is the only defendant who shares citizenship with Plaintiff.  However, Defendants claim that because Plaintiff does not and cannot state a claim against Mulcahy, he has been fraudulently joined, and accordingly, his citizenship can be ignored for purposes of diversity jurisdiction.

In advancing their argument, Defendants take issue with Magistrate Judge Chang's finding that Plaintiff could cure the deficiencies in his Complaint to assert a viable claim against Mulcahy.  See F&R, at 14.  In this respect, Defendants assert, "[a]s dictated by established precedent, a plaintiff" cannot rely on post-removal amendments to pleadings or the possibility of post-removal amendments "to defeat a claim of fraudulent joinder."  Obj., at 8.  Defendants are mistaken.

While it is true that "[n]ormally, the existence of federal jurisdiction on removal must be determined from the face of plaintiff['s] complaint," Westinghouse Elec. Corp. v. Newman & Holtzinger, P.C., 992 F.2d 932, 934 (9th Cir. 1993) (alterations in original) (citation omitted), this proposition does not extend to the fraudulent joinder context.  The Ninth Circuit, for example, has held that "[w]here fraudulent joinder is an issue, [the court] will go somewhat further" than the pleadings to consider "facts showing the joinder to be fraudulent."  Ritchey v. Upjohn Drug Co., 139 F.3d 1313, 1318 (9th Cir. 1998) (citation omitted).  The court stated that such an "approach is reasonable and necessary" and that a defendant, "for example . . . must have the opportunity to show that the individuals joined in the action cannot be liable on any theory."  Id.; see also Cavallini v. State Farm Mut. Auto Ins. Co., 44 F.3d 256, 263 (5th Cir. 1995) ("[F]raudulent joinder

claims can be resolved by 'piercing the pleadings' and considering summary judgment-type evidence such as affidavits and deposition testimony." (quoting Ford v. Elsbury, 32 F.3d 931, 935 (5th Cir. 1994)).

Several district courts in this Circuit have similarly recognized that cases holding that post-removal amendments to pleadings should not be considered to determine federal jurisdiction, are inapplicable in fraudulent joinder cases.  In Loid v. Computer Sciences Corp., for example, the Eastern District of Washington held that "the [c]ourt may consider material extrinsic to the Complaint—including potential but as-yet-unpled claims—in determining whether the [defendants] were fraudulently joined," and on this basis, remanded the case to state court.  No. CV-12-5144-EFS, 2013 WL 808696, at *2 (E.D. Wash. Mar. 5, 2013).  In reaching this conclusion, the court noted that defendants improperly relied on Ninth Circuit case law for the proposition that "[t]he Court must consider only the Complaint—and no subsequent filings" in its analysis.  Id. at *4.

Specifically, the defendants had cited to Williams v. Costco Wholesale Corporation, 471 F.3d 975, 976 (9th Cir. 2006) (per curiam), in which the Ninth Circuit stated, "[w]e have long held that post-removal amendments to the pleadings cannot affect whether a case is removable, because the propriety of removal is

determined solely on the basis of the pleadings filed in state court."  As the court in Loid noted, however, the defendants' "reliance on Williams [was] misplaced."  2013 WL 808696, at *4. In Williams, the plaintiff sued the defendant in California state court alleging claims under both state and federal law. 471 F.3d at 976.  The defendant "properly removed the case to district court" based on federal question jurisdiction.  Id. Following removal, however, plaintiff filed an amended complaint, which no longer contained the federal claim and asserted additional state law claims.  Id.  The court determined that the district court improperly relied on the amended complaint in granting plaintiff's motion to remand.  Id.

     As pointed out by the Loid court, Williams is distinguishable from fraudulent joinder cases, in which the initial complaint "does not facially give rise to federal subject-matter jurisdiction."  Loid, 2013 WL 808696, at *4.  In fraudulent joinder cases, rather than attempting to divest the federal court of jurisdiction through an amended complaint (as in Williams), plaintiffs may seek amendment in state court to clarify or "to bolster their preexisting" claims.  Id.; see also Candy v. 474 Club LLC, No. CV-06-400-S-EJL, 2007 WL 1381806, at *3 (D. Idaho Jan. 31, 2007) ("And where, as here, the allegations set forth in the state court complaint actually appear to bar removal, courts have considered the plaintiff's

amended complaint as a clarification to the allegations bearing on the federal court's jurisdiction." (citing Schuster v. Gardner, 319 F.Supp.2d 1159, 1163–64 (S.D.Cal.2003), and Thornton v. New York Life Ins. Co., 211 F.R.D. 606, 608–09 (N.D. Cal. 2002))); Wickens v. Blue Cross of California, Inc., No. 15CV834-GPC JMA, 2015 WL 3796272, at *6 (S.D. Cal. June 18, 2015) (same).

Indeed, the Ninth Circuit has determined that the rule that "jurisdiction must be analyzed on the basis of the pleadings filed at the time of removal without reference to subsequent amendments," Sparta Surgical Corp. v. National Association of Securities Dealers, 159 F.3d 1209, 1213 (9th Cir. 1998), abrogated on other grounds by Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Manning, 136 S.Ct. 1562 (2016), is only applicable in certain situations, see Benko v. Quality Loan Service Corp., 789 F.3d 1111, 1116 (9th Cir. 2015).  Thus, in Benko, the Ninth Circuit held that Sparta did not apply "[w]here a defendant removes a case to federal court under [the Class Action Fairness Act], and the plaintiffs amend the complaint to explain the nature of the action for purposes of [the court's] jurisdictional analysis." 78 F.3d at 1116; see also Chabner v. United of Omaha Life Ins. Co., 225 F. 3d 1042, 1046 n.3 (9th Cir. 2000) (noting that the Sparta "rule applies mainly in cases

where the amended complaint attempts to destroy federal
jurisdiction after the case has been properly removed").

The cases cited to by Defendants for the proposition
that post-removal pleadings should not be considered to
determine jurisdiction are similarly inapposite.  In Perez v.
Alta-Dena Certified Dairy, LLC, the Ninth Circuit, in an
unpublished decision, cited to Williams, for the proposition
that "post-removal amendments to the pleadings cannot affect
whether a case is removable."  No. 14-55029, 2016 WL 1238209, at
*1 (9th Cir. Mar. 30, 2016) (quoting Williams, 471 F.3d at 976).
As noted above, Williams did not involve a question of
fraudulent joinder and instead involved an attempt to eliminate
federal question jurisdiction through amendment after a case had
been properly removed.  471 F.3d at 976.  Perez also did not
involve a fraudulent joinder claim.  Pullman Co. v. Jenkins,
cited to by Defendants, involved a determination as to whether
an amended complaint could be considered on a motion to remand
after removal by a nonresident defendant on the grounds that the
action against said defendant presented a separable controversy.
305 U.S. 534, 537 (1939).  The Court explicitly noted that
"there was no charge that the joinder was fraudulent."  Id. at
541.  Similarly, in Westinghouse Elec. Corp., 992 F.3d at 937,
the Ninth Circuit considered whether the action should have been

13

removed based on complete preemption, and fraudulent joinder was not raised.

The only case cited to by Defendants that did involve a claim of fraudulent joinder, Vogel v. Dollar Tree Stores, Inc., No. CIV. 07-2275 WBS EFB, 2008 WL 149234, at *3 (E.D. Cal. Jan. 14, 2008), also cited to Williams in support of the proposition that post-removal complaints should not be considered to determine the propriety of removal.  As discussed supra, however, the Williams rationale has since been rejected by many courts in the context of fraudulent joinder claims.

Also contrary to the Defendants' representation, a number of federal courts have relied not only on actual amended pleadings, but on the possibility of amended pleadings in denying claims of fraudulent joinder based on the distinction discussed above.  In Padilla v. AT&T Corp., for example, the Central District of California considered whether plaintiff's supervisor had been fraudulently joined in a case alleging wrongful termination.  697 F. Supp. 2d 1156, 1158 (C.D. Cal. 2009).  Similar to the instant case, plaintiff alleged that her supervisor and her employer discriminated against her based on her mental and physical disabilities, resulting eventually in her termination.  Id. at 1159.  Defendants argued that plaintiff could not maintain a claim against the defendant supervisor based on the facts alleged in the complaint.  Id.  The court

14

disagreed with the defendants', noting that in fraudulent joinder cases, "the [c]ourt may look beyond the pleadings," id. (citing Ritchey, 139 F.3d at 1318), and that defendants must "show that 'there is no possibility that the plaintiff could prevail on any cause of action it brought against the non-diverse defendant,'" id. (quoting Burris v. AT&T Wireless, Inc., No. C 06-02904 JSW, 2006 WL 2038040, at *2 (N.D. Cal. July 19, 2006)).

On this basis, the court determined that "[r]emand must be granted" because the defendants failed to "show[] that the plaintiff 'would not be afforded leave to amend his complaint to cure [the] purported deficiency.'" Id. (second alteration in original) (quoting Burris, 2006 WL 203840, at *2). In reaching this conclusion, the court explained that notwithstanding whether the facts plead were sufficient to state a claim against plaintiff's supervisor, defendants had failed to establish that a viable claim against the supervisor could not be alleged in amended pleadings. Id. Accordingly, the court held that defendants had not met their burden in establishing fraudulent joinder:

> A defendant is not a fraudulently joined or sham
> defendant simply because the facts and law may
> further develop in a way that convinces the
> plaintiff to drop that defendant, and this Court
> cannot find that [plaintiff's supervisor] is a
> fraudulently joined or sham defendant. The words
> fraud and sham imply a degree of chicanery or

> deceit, and a state court plaintiff engaging in a
> common strategy of pleading broadly does not
> engage in a fraud or sham.  Denying federal
> diversity jurisdiction in this case, where
> Plaintiff seeks to include her direct supervisor
> in a lawsuit relating to her termination, is
> consistent with the Founders' intent in
> establishing diversity jurisdiction.

Id. at 1159-60.

Several other courts have reached similar conclusions in rejecting claims of fraudulent joinder based on pleading deficiencies.  See, e.g., Hart v. Bayer Corp., 199 F.3d 239, 247, n.6 (5th Cir. 2000) (rejecting claim of fraudulent joinder based on pleading deficiency and noting that although the complaints' allegations were "somewhat conclusory . . . the penalty should [not] be dismissal without prejudice to refiling"); Martinez v. Gen. Dynamics C4 Sys., Inc., No. C-12-0326 MMC, 2012 WL 1831569, at *3 (N.D. Cal. May 18, 2012) (noting the court's "agree[ment] with those courts that have found a defendant's reliance on an arguably curable pleading deficiency is insufficient to demonstrate fraudulent joinder"); Williams v. Nat'l Heritage Realty Inc., No. 3:02 CV 129-S-A, 2006 WL 1666330, at *2 (N.D. Miss. June 14, 2006) (granting a motion to remand despite claim of fraudulent joinder where claim lacked specificity but amendment could cure deficiencies); Smith v. Quality Loan Serv. Corp., No. CIV S-11-2108 KJM-EFB, 2012 WL 202055, at *5 (E.D. Cal. Jan. 23, 2012) (holding fraud claim was

"potentially viable" because deficiencies could be cured by amendment and accordingly rejecting claim of fraudulent joinder).

And, this Court previously adopted a Magistrate Judge's recommendation to grant remand where the claim of fraudulent joinder related to a curable pleading deficiency. See Balberdi v. Lewis, No. CIV. 12-00582 ACK-KSC, 2013 WL 1296286, at *4 (D. Haw. Mar. 8, 2013) ("Although Plaintiff's claim is not artfully pled, and a fraud claim should be pled with greater particularity, Defendants simply have not established that there is no possibility that Plaintiff can state a fraud claim against them."), report and recommendation adopted, No. CIV. 12-00582 ACK-KSC, 2013 WL 1291780 (D. Haw. Mar. 27, 2013); see also Tomlinson v. Deutsche Bank Nat. Trust Co., No. CV 13-00554 SOM-BMK, 2014 WL 346922, at *5 (D. Haw. Jan. 30, 2014) ("The 'possibility' of a cause of action encompasses, as in California Dump Truck,[5] inquiry into the

---

[5]    In California Dump Truck Owners Ass'n v. Cummins Engine Co., 24 Fed. Appx. 727, 729-30 (9th Cir. 2001), the Ninth Circuit—in an unpublished decision—found that Defendants failed to demonstrate fraudulent joinder where "it [was] very possible that the state court would have granted plaintiffs leave to amend their complaint, allowing them to address the deficiencies the [defendants] assert[ed]."  Pursuant to Ninth Circuit Rules 36-3(a) and (c), unpublished decisions and orders issued by the Ninth Circuit prior to January 1, 2007 "may not be cited to the courts of this circuit" except under limited circumstances, not
(continued . . . )

chance that a state court might permit an amendment of a complaint to cure any deficiencies and that those deficiencies are curable."), report and recommendation adopted, No. CV 13-00554 SOM-BMK, 2014 WL 607772 (D. Haw. Feb. 18, 2014).[6]

The Court agrees with the reasoning laid out in the cases discussed above.  While it makes sense for a court not to consider amended complaints in cases where federal jurisdiction is obvious from the face of the original complaint and the amended complaint seeks to destroy federal jurisdiction, the rationale for doing so does not extend to fraudulent joinder cases.  Given the burden defendants face, not only in defense of removal, but also in asserting a fraudulent joinder claim,

---

( . . . continued)
present here.  Accordingly, the Court does not rely on California Dump Truck.

[6]   Defendants attempt to distinguish the proposition in Tomlinson quoted above based on the court's conclusion in Tomlinson that the deficiency was in fact curable.  Obj., at 10-11.  However, here, as in Tomlinson, Defendants have failed to show that the pleading deficiency cannot be cured, as discussed further below.
    Defendants also cite to Lovell v. United Airlines, Inc., No. CIV. 09-00146 ACK-LEK, 2009 WL 3172729 (D. Haw. Oct. 2, 2009).  While the Court in Lovell considered extrinsic evidence to determine that the non-diverse defendants were fraudulently joined based on the plaintiff's failure to state a claim against them, it did not directly address whether the possibility of amended pleadings could be considered in relation to a claim of fraudulent joinder.  Id. at *5.  Moreover, since Lovell was decided, this district court and several federal courts have considered the possibility of amended pleadings in resolving claims of fraudulent joinder, as discussed above.

18

consideration of the possibility of a future amendment should

not be foreclosed.

## II. Defendants Have Failed To Prove by Clear and Convincing Evidence That There Is No Possibility Plaintiff Can State a Cause of Action Against Defendant Mulcahy

Defendants additionally assert that even if Plaintiff

were granted leave to amend his Complaint, he would be unable to

state a viable aiding and abetting claim against Mulcahy.  Obj.,

at 12.  The Court disagrees and agrees with Magistrate Judge

Chang's conclusion that "Defendants have failed to demonstrate

that there is no possibility that Plaintiff can state a § 378-

2(a)(3) claim in state court."  F&R, at 14.

Pursuant to HRS § 378-2(a)(3) (2013), "[i]t shall be

an unlawful discriminatory practice . . . [f]or any person,

whether an employer, employee, or not, to aid, abet, incite,

compel, or coerce the doing of any of the discriminatory

practices forbidden by this part, or to attempt to do so[.]"  An

employee cannot "be liable for aiding and abetting himself."

White v. Pac. Media Grp., Inc., 322 F. Supp. 2d 1101, 1115 (D.

Haw. 2004) (citation omitted).

The Court is in agreement with Defendants and

Magistrate Judge Chang that based on the current allegations in

the Complaint, it is unclear how Mulcahy's actions fall under

the conduct proscribed in HRS § 378-2(a)(3).  See F&R, at 13.

The Complaint identifies several allegedly discriminatory

actions undertaken by Mulcahy and also alleges that Mulcahy's
supervisor, Doug Belle, discriminated and retaliated against
Plaintiff.  Compl. ¶¶ 21-53.  However, there are no specific
allegations that Mulcahy aided, abetted, incited, compelled, or
coerced Belle (or another employee) to discriminate against
Plaintiff.

Notwithstanding, Defendants have failed to demonstrate
that this pleading deficiency could not be remedied and that
Plaintiff "would not be afforded leave to amend his complaint to
cure [the] purported deficiency."  Padilla, 697 F. Supp. 2d at
1158 (alteration in original) (quoting Burris, 2006 WL 203840,
at *2).  Indeed, to state a viable aiding and abetting claim
under HRS § 378-2(a)(3), Plaintiff would simply have to allege
facts to "sufficiently identif[y] 1) [Mulcahy] as the person who
incited, compelled, or coerced the discriminatory actions
against Plaintiff; and 2) [Belle or another employee] as the
person who was incited, compelled, or coerced into taking
discriminatory actions against Plaintiff."  Kosegarten v. Dep't
of the Prosecuting Attorney, No. CIV. 10-00321 LEK-KSC, 2012 WL
1158742, at *6 (D. Haw. Apr. 5, 2012) (concluding aiding and
abetting claim under HRS § 378-2 was plausible and denying
motion to dismiss for failure to state a claim).  And, as noted
in the F&R, F&R, at 15-16, it is reasonable to expect that
Plaintiff would be given an opportunity to amend his Complaint

20

to sufficiently allege an aiding and abetting claim under the statute, particularly given Hawaii's liberal rules on amended pleadings.  See Kamaka v. Goodsill Anderson Quinn & Stifel, 176 P.3d 91, 111 (Haw. 2008) (noting that leave to amend should be "freely given when justice so requires" and absent "delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment" (citations omitted)), as corrected (Jan. 25, 2008); see also Park v. Oahu Transit Servs., Inc., No. CV NO 10-00445-DAE-KSC, 2011 WL 3490190, at *8, 10 (D. Haw. Aug. 10, 2011) (holding complaint did not "clearly describe[] how the [i]ndividual [d]efendants aided, abetted, incited, compelled, or coerced discrimination" but granting dismissal without prejudice and with leave to amend); Kosegarten v. Dep't of the Prosecuting Attorney, No. CIV. 10-00321 SOM-KSC, 2011 WL 6002870, at *12-13 (D. Haw. Nov. 29, 2011) (noting complaint did not allege a claim under HRS § 378-2(3), the predecessor to HRS § 378-2(a)(3), but granting leave to amend).[7]

---

[7] As the F&R points out, F&R at 16, Hawaii also looks to federal standards with respect to amended pleadings, Gonsalves v. Nissan Motor Corp. in Hawaii, 58 P.3d 1196, 1207 (2002).

Defendants argue that Plaintiff would be unable to amend his Complaint to state a claim under HRS § 378-2(a)(3) because facts to support this claim "do not exist" and because Plaintiff's attempt thus far to inform the Court as to how he would amend his Complaint did not amount to a viably alleged claim.  Obj., at 12-13.  Given the strong presumption against both removal and fraudulent joinder, these arguments do not convince the Court that Defendants have proven fraudulent joinder "by clear and convincing evidence."  Hamilton Materials, Inc., 494 F.3d at 1206.  Defendants submit Mulcahy's Declaration in which Mulcahy states that he only supervised Plaintiff for six days; did not participate in or influence decisions regarding Plaintiff; did not assist or encourage "Belle or anyone else to make any decisions about [Plaintiff's] employment"; and did not learn about Plaintiff's termination until after the fact.  Obj., Harris Decl., Ex. A ¶¶ 7-12, ECF No. 26-3.  Even accepting Mulcahy's self-serving Declaration as true, the facts averred do not foreclose the viability of an aiding and abetting claim against Mulcahy.  Regardless of whether Mulcahy directly (or indirectly) participated in decisionmaking regarding Plaintiff's employment, he still could have aided, abetted, incited, compelled, or coerced Belle (or another employee) to discriminate against Plaintiff, eventually leading to Plaintiff's termination.  Mulcahy could have also

22

communicated with Belle regarding Plaintiff even if he was no longer Plaintiff's direct supervisor.  The Court also rejects Defendants' contention that Plaintiff has "made clear that, even if granted leave to amend his Complaint, he would still not be able to state a viable aiding and abetting claim against Mulcahy."  Obj., at 12 (emphasis omitted).  Although Defendants are correct that Plaintiff has not yet asserted facts demonstrating a viable aiding and abetting claim, Defendants have not demonstrated that one cannot be asserted in the instant case.

Finally, Defendants maintain that "under settled Hawaii law, a person cannot abet his employer by taking allegedly discriminatory or retaliatory acts while acting in the course and scope of his employment under" HRS § 378-2(a)(3). Obj., at 23.  Defendants' claim that Hawaii law is "settled" on this issue is simply incorrect.

Defendants cite to several cases in support of their argument, but none of the cases cited support Defendants' contention.  In Lales v. Wholesale Motors Co., the Hawaii Supreme Court held that an employer could not be individually liable for certain harassment and retaliation claims under HRS § 378-2, but explicitly excluded the aiding and abetting portion of the statute from its decision.  328 P.3d 341, 352 n.9 (Haw. 2014).  Further, the court specifically noted that "the history

23

of Hawaii's employment discrimination law, and the legislature's stated purposes in enacting that law, contain no indication whatsoever that the legislature intended to impose liability on individual employees other than in HRS § 378-2(3)."[8] Id. at 354 (emphasis added).

White, 322 F. Supp. 2d at 1115, is similarly unhelpful to Defendants' position. The White court simply determined, as noted above, that an employee could not "be liable for aiding and abetting himself" and granted summary judgment because plaintiff failed to "identify any discriminatory practice that [the employee defendant] aided and abetted." Id. (citation omitted). The court's discussion of employee liability while acting within the scope of employment was in relation to the federal conspiracy count alleged by plaintiff and not to the claim under HRS § 378-2. Id. at 1112.

The other cases cited by defendants are also inapposite, as they do not limit individual employee liability under HRS § 378-2(a)(3). See DeHorney v. Bank of Am. Nat'l Trust and Savs. Ass'n, 879 F.2d 459, 464-65 (9th Cir. 1989) (holding that employee could not be held liable for contractual interference claim where employee acted "within the scope of her

---

[8]      As noted above, the aiding and abetting portion of the statute, at issue here, was previously contained in HRS § 378-2(3).

24

employment at all times" and accordingly, employee's actions were privileged under California law); Wood v. Greenberry Fin. Servs., Inc., 907 F. Supp. 2d 1165, 1181 (D. Haw. 2012) (acknowledging that in general Hawaii does not recognize independent causes of action for civil conspiracy or aiding and abetting and finding that derivative claims of civil conspiracy and aiding and abetting were precluded by meritless underlying claims), abrogated on other grounds by Compton v. Countrywide Fin. Corp., 761 F.3d 1046 (9th Cir. 2014); Lum v. Kauai Cty. Council, No. CIV. 06-00068 SOM-LEK, 2007 WL 3408003, at *17 (D. Haw. Nov. 9, 2007) (noting in passing that "the court need not reach issue of whether [plaintiff's federal conspiracy claims] are barred by the intracorporate immunity doctrine, which states that a corporation cannot conspire with its own employees or agents"), aff'd, 358 F. App'x 860 (9th Cir. 2009).

In sum, because Defendants have not shown that it would be impossible for Plaintiff to assert a claim under HRS § 378-2(a)(3) against Mulcahy, Defendants have failed to meet their burden in demonstrating fraudulent joinder.  Accordingly, this Court does not have diversity jurisdiction, as there is not complete diversity between the parties.  The Court's rejection of diversity jurisdiction in the instant case, in which Plaintiff "seeks to include [his] direct supervisor in a lawsuit relating to [his] termination, is consistent with the Founders'

intent in establishing diversity jurisdiction" for limited circumstances.  Padilla, 697 F. Supp. 2d at 1160.  Because the Court finds complete diversity between the parties is lacking, the Court need not consider whether the amount in controversy exceeds $75,000.

## CONCLUSION

In light of the foregoing, the Court ADOPTS the Findings and Recommendation to Grant in Part and Deny in Part Plaintiff's Motion for Remand.  Accordingly, this action will be remanded to the Circuit Court of the First Circuit, State of Hawaii.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, June 6, 2016.


Alan C. Kay
Sr. United States District Judge




Bell v. The Terminix International Company Limited Partnership, et al., Civ. No. 16-00012 ACK-KSC, Order Adopting the Findings and Recommendation to Grant in Part and Deny in Part Plaintiff's Motion to Remand